**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **SYLVIA NA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 4:22cv01053** |
| **LINCOLN LIFE ASSURANCE** | ) | |
| **COMPANY OF BOSTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT OF RULE 26(f) PLANNING MEETING**

Pursuant to the Court's Order of February 17, 2023, and Federal Rule of Civil Procedure 26(f), a meeting was held on March 2, 2023, , and was attended by Britney McDonald on behalf of Plaintiff Slvia Na ("Plaintiff"), and Iwana Rademaekers on behalf of Defendant Lincoln Life Assurance Company of Boston ("Defendant"), and the parties file this report and respectfully show the Court as follows:

**1. A brief factual and legal synopsis of the case.**

**Plaintiff's Statement:** Plaintiff sues under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), to recover long-term disability ("LTD") benefits under an employee welfare benefit plan established and maintained by his former employer LINN Operating, Inc. (the "Plan"). Through a group policy of insurance, Lincoln funds LTD benefits payable under the Plan and provides certain claims administrative services. Plaintiff contends that Lincoln wrongfully denied Ms. Na her LTD benefits, as she met the definition of disability under the policy. Plaintiff disputes that determination, and contends that de novo review of this matter is appropriate. *Ariana M. v. Humana Health of Tex., Inc.*, 884 F.3d 246, 263 (5th Cir. 2018). Plaintiff contends Benefit denials governed under ERISA are generally reviewed by the courts under a *de novo* standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard and not a *de novo* standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan. In the present

case, Plaintiff contends that the Plan fails to give the Defendant said discretion as said discretionary language is prohibited under Section 1701.062(a) of the Texas Insurance Code and 28 TAC §§3.1201 - 3.1203 (2013), as well as upheld in *Ariana M. v. Humana Health Plan of Texas, Inc*., No. 16-20174 (5th Cir. 2018). Therefore, this Court should review this matter under a *de novo* standard of review.

**Defendant's Statement:** Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA and the plan documents contain discretionary language, the Court must review Defendant's decision on Plaintiff's claim under the abuse of discretion standard. Based on the administrative record, the decisions reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. Alternatively, any recovery by Plaintiff must be reduced by other income earned or other benefits received by Plaintiff, including benefits from the Social Security Administration.

**2. The jurisdictional basis for this suit.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1332(e) and (f).

**3. A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

Plaintiff, Sylvia Na
Defendant, Lincoln Life Assurance Company of Boston

At this time, the Parties are unaware of any other parties who should be joined.

**4. A list of any cases related to this case pending in any state or federal court.**

None.

**5. Confirm that the initial disclosure required by Rule 26(a)(1) and this order has been completed.**

Lincoln has already produced to Plaintiff a copy of the ERISA administrative record. The parties agree that this production will satisfy the requirement for Initial Disclosures pursuant to FRCP 26(a)(1)(B).

**6. Proposed Scheduling Order Deadlines.**

The above-styled action is a claim by Plaintiff for recovery of disability benefits. Plaintiff and Defendant agree Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA"). As such, the parties believe the most cost-effective and prudent manner

to resolve the litigation is to submit this action to the Court on a stipulated record and briefing. To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in the standard schedule:

| | |
|---|---|
| July 5, 2023 | All discovery shall be commenced in time to be completed by this date. |
| August 2, 2023 | Deadline to mediate the case |
| August 16, 2023 | Joint Stipulated Record to be filed by the Parties |
| September 13, 2023 | Parties' Opening Briefs to be filed |
| September 27, 2023 | Parties' Response Briefs to be filed |

**7. Items described in accordance with Rule 26(f):**

**i. The subjects upon which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The subjects on which discovery may be needed include the relevant documents governing the plan, the administrative record, and offsets under the plan documents. Plaintiff may seek additional discovery pertaining to Defendant's conflict in administering Plaintiff's claim. Discovery is expected to be completed by July 5, 2023, and does not need to be conducted in phases.

**ii. Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

Any otherwise discoverable electronically stored information generated as part of the claim process should be produced as part of the claim file, and that disclosure or discovery of any such information should be handled in accordance with the Federal Rules of Civil Procedure.

**iii. Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreement reached under Federal Rule of Evidence 502.**

The parties do not anticipate any issues regarding attorney-client privilege or work product protections under Federal Rule of Evidence 502.

**iv. Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

No changes.

**v. Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

None at this time.

**8. State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation.**

The parties believe that non-binding mediation is an appropriate alternative dispute resolution method for resolving this matter if their discussions are not successful. The Parties believe mediation will be most effective after the completion of discovery and prior to the opening briefs deadline. The parties do not request appointment of a mediator at this time.

**9. The identity of persons expected to be deposed.**

Plaintiff plans to depose the corporate representative of Lincoln Life Assurance Company of Boston, as well as the individual Ltd Techical Specialist who administered Plaintiff's claim and denial, Lisa Gray. Defendant asserts that such deposition exceed the permitted scope of discovery in ERISA actions to recovery benefits.

**10. Estimated trial time and whether a jury demand has been timely made.**

The Parties believe that the case will be resolved through joint submission of a stipulated record with briefing to the court. However, if a trial is needed, the Parties estimate that 1 day will be required and propose a trial date in November 2023.

**11. The names of the attorneys who will appear on behalf of the parties at the management conference.**

**For the Plaintiff:**
Britney Anne Heath McDonald
State Bar of Texas No. 24083158
MARC WHITEHEAD & ASSOCIATES
ATTORNEYS AT LAW L.L.P.
403 Heights Boulevard
Houston, Texas 77007
PH: (713) 228-8888
FX: (713) 225-0940
Email: britney@marcwhitehead.com
Attorneys for Plaintiff

**For the Defendant:**
Iwana Rademaekers
State Bar of Texas No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
PH: (214) 579-9319
FX: (469) 444-6456
Email: iwana@rademaekerslaw.com
Attorneys for Defendant

**12. Whether the parties jointly consent to trial before a magistrate judge.**

The parties do not jointly consent to a trail before a magistrate judge.

**13. Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve special attention of the Court at the management conference.**

Because this is an action governed by ERISA, the parties request that the Court enter a briefing schedule, and propose that the Stipulated Record be filed by August 16, 2023, the parties' Opening Briefs be filed on September 13, 2023, and the parties' Response Briefs on September 27, 2023.

DATED this 7th day of March 2023

Respectfully submitted,

By: /s/ Britney McDonald (w/permission)
Britney Anne Heath McDonald
State Bar of Texas No. 24083158

MARC WHITEHEAD & ASSOCIATES
ATTORNEYS AT LAW L.L.P.
403 Heights Boulevard
Houston, Texas 77007
PH: (713) 228-8888
FX: (713) 225-0940
Email: britney@marcwhitehead.com

ATTORNEYS FOR PLAINTIFF

AND

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT